[Cite as *State v. Rogowski*, 2012-Ohio-2557.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

SEAN A. ROGOWSKI

    Appellant

C.A. No.     11CA010046

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10CR081463

DECISION AND JOURNAL ENTRY

Dated: June 11, 2012

---

DICKINSON, Judge.

## INTRODUCTION

**{¶1}** After getting drunk, Sean Rogowski and a friend threw Molotov Cocktails at a freight train, almost injuring the conductor and derailing the train. The Grand Jury indicted Mr. Rogowski for arson, railroad vandalism, and unlawful possession of dangerous ordnance. He pleaded no contest, and the trial court found him guilty of the offenses. At sentencing, it merged the railroad vandalism charge into the arson charge and sentenced him to maximum, consecutive sentences. Mr. Rogowski has appealed his sentence, assigning as error that the court failed to properly consider the applicable sentencing factors. We reverse because the trial court failed to consider the information presented at the sentencing hearing before imposing sentence.

## SENTENCING

**{¶2}** In *State v. Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912, ¶ 4, a plurality of the Ohio Supreme Court determined that, in light of *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-

856, when appellate courts review criminal sentences, they must follow a "two-step approach." The first step is to determine whether the sentence is contrary to law. *Kalish*, 2008-Ohio-4912, at ¶ 4. The second step is to determine whether the court exercised proper discretion in imposing the term of imprisonment. *Id*. at ¶ 26. The parties agree that *Kalish* provides the correct standard of review in this case.

{¶3} Under Section 2929.19(A) of the Ohio Revised Code, a sentencing court "shall hold a sentencing hearing before imposing a sentence . . . upon an offender who was convicted of or pleaded guilty to a felony . . . ." "At the hearing, the offender, the prosecuting attorney, the victim . . . , and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case." *Id*. "At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report . . . and any victim impact statement . . . ."

{¶4} At the sentencing hearing, a Federal Bureau of Investigation special agent recounted Mr. Rogowski's illegal acts and explained the federal charges that he could have faced for his conduct. He also read a statement from the conductor of the train, who was unable to attend the hearing because of medical issues. The court also heard from a fire district chief who explained the dangers of Molotov Cocktails, the railroad's safety superintendent, and the pilot engineer of the train. Mr. Rogowski's lawyer noted that Mr. Rogowski did not have a criminal history and argued that his client had taken responsibility for his actions, which he characterized as a stupid teenage mistake. Finally, Mr. Rogowski spoke and apologized for his conduct, said that he had stopped drinking alcohol, had completed a drug and alcohol class, and had obtained a job.

{¶5} After Mr. Rogowski finished speaking, the court noted that the federal government had considered whether to prosecute him and his co-defendant, but had deferred to the state. It also noted that, because Mr. Rogowski's conduct created a substantial risk of serious physical harm, the Grand Jury could have indicted him for aggravated arson, a felony of the first degree. It then stated: "the record should reflect that I prepared the sentencing entries in this case before I heard the remarks from the gentlemen that appeared here today, and when I prepared these sentencing entries, at that time I could not have been influenced by anyone who spoke today." It went on to explain that "I knew what I was going to do before I met [the men who spoke at the sentencing hearing]. Nobody pressures me."

{¶6} The record demonstrates that the trial court failed to comply with Section 2929.19(B)(1) of the Ohio Revised Code. That section specifically provides that, "before imposing sentence," the court "shall consider . . . any information presented at the hearing . . . ." The court admitted that it determined Mr. Rogowski's sentence before receiving any information at the hearing. Mr. Rogowski's assignment of error is sustained.

CONCLUSION

{¶7} The trial court failed to consider the information presented at the sentencing hearing before imposing Mr. Rogowski's sentence. The judgment of the Lorain County Common Pleas Court is reversed, and this matter is remanded for a new sentencing hearing.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CLAIR E. DICKINSON
FOR THE COURT

MOORE, P.J.
BELFANCE, J.
CONCUR.

APPEARANCES:

PAUL GRIFFIN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.